UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
GARY M. IULIANO and
REBECCA L. CROWE-IULIANO

V. JOHN BROOK, TRUSTEE,

    Appellant,

v.                                                                                  Case No.  8:11-cv-193-T-JSM

GARY M. IULIANO and
REBECCA L. CROWE-IULIANO,

    Appellees.
_____/

## ORDER

THIS is an appeal from the Bankruptcy Court's Order Overruling Trustee's Objection to the Debtors' Claim of Exemption and Denying Trustee's Motion to Compel Turnover of Homestead Property.  (Dkt. #1-2)  The Court has considered the briefs and oral arguments of the parties, and concludes that the Order of the Bankruptcy Court should be affirmed.

### Standard of Review

This case involves an issue of law and is reviewed by this Court *de novo*.

### Background Facts

Gary M. Iuliano and Rebecca L. Crowe-Iuliano (Debtors) filed a voluntary Chapter 7 bankruptcy proceeding on March 17, 2009.  As assets, Debtors listed the real property in which they lived as well as various personal property, including a checking account,

household goods, two Florida Limited Liability companies, a tax refund, and a motor vehicle. On Schedule C, the Debtors did not list their homestead as exempt, but did claim a $4,000 personal property exemption pursuant to Florida Statute § 222.25(4) (2007).

Florida Statute § 222.25 provides in pertinent part:

**222.25. Other individual property of natural persons exempt from legal process.** – The following property is exempt from attachment, garnishment, or other legal process:

(4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support.

Some refer to this exemption as the "wild card exemption." It allows individuals to exempt up to $4,000 in personal property as long as the individual "does not claim or receive the benefits of" the Article X homestead exemption. The wild card exemption is separate and distinct from the $1,000 personal property exemption provided for in Art. X, § (4)(a)(2) of the Florida Constitution.

In Schedule A, Debtors listed their homestead property to have a value of $274,000 subject to a mortgage in the amount of $305,000. The Trustee did not contest these values. Debtors also filed a sworn Statement of Intention choosing to retain the homestead property and reaffirm the debt owed on it. That left $116,868.74 in unsecured, non-priority claims to be discharged by the bankruptcy.

The Trustee objected to Debtors' claim of the wild card personal property exemption and filed a Motion to Compel Turnover of Property of the Estate seeking, pursuant to 11

U.S.C. § 542(a), possession of the homestead as property of the estate. The Bankruptcy Court denied the motion insofar as it sought a requirement that Debtors surrender possession of the property, but allowed the Trustee sixty days in which to attempt to find a buyer. The Court concluded that, "in the absence of a proposed sale of the residence by the Trustee, there would be no purpose served in compelling the Debtors to turn over possession of the residence to the Trustee." The Trustee neither found a buyer within the sixty day period, nor sought an extension.

In this appeal, the Trustee argues that the legal effect of the denial of his Motion provided Debtors the benefits of the homestead exemption under Article X, § 4 of the Florida Constitution. Specifically, the Trustee contends that he has a right and duty to liquidate the homestead property for the benefit of unsecured creditors even when there is no equity, and that, by opposing the turnover motion, the Debtors impeded and obstructed the administration of this non-exempt property.

## Discussion

With one exception, this Court adopts the opinion of the Bankruptcy Court.[1] It is thorough and adoption makes it unnecessary to repeat its well-reasoned analysis. The exception is the Bankruptcy Court's inartful wording that could be construed to mean the Debtors did not receive the benefit of the homestead exemption because they had no equity

---

[1] The Order of the Bankruptcy Court is appended to and made a part of this Order.

in the property.  That was Appellant's argument during oral argument.  Appellant pointed to the following sentence in the opening paragraph of the bankruptcy opinion:

> The Court finds that because the secured debt against the residence exceeds its value, the Debtors have no equity in the residence and do not receive the benefit of the homestead exemption.

But the Bankruptcy Court made clear in the body of her opinion she was adopting the analysis of other courts she categorized as the "narrower" view:

> Other bankruptcy courts' interpretation of "receive the benefit of the homestead exemption" is much narrower.  These courts find that debtors who do not affirmatively exempt their homestead under the Homestead Exemption or otherwise shield the homestead property from creditors, but instead leave it available for administration by the Chapter 7 trustee, neither claim nor receive the benefit of the Homestead Exemption.

P. 4, Bankruptcy Court's opinion appended to this Order.

After the Bankruptcy Court entered its Order, but before the briefs were filed in this case, the Florida Supreme Court addressed this issue in *Osborne v. Dumoulin*, 55 So. 3d 577 (2011), in which it answered the following question:

> Whether for the purpose of the statutory personal property exemption in § 222.25(4), a debtor in bankruptcy receives the benefits of Florida's article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the Trustee's administration of the property is not otherwise impeded by the existence of the homestead exemption.

The Florida Supreme Court answered this question in the negative.  That is, a debtor who does not claim his homestead as exempt in his bankruptcy petition is not "receiving the benefit" of the homestead exemption.  He is therefore entitled to claim the $4,000 wild card

personal property exemption unless some other facts come into play which otherwise provide the benefit of the exemption.

The wording the Florida Supreme Court chose for its question obviously influenced how the Trustee chose to frame his issue on appeal to this Court. The Trustee contends that a debtor who does do not claim his homestead as exempt in his bankruptcy petition, but opposes delivering exclusive possession to the Trustee for administration, is "otherwise" impeding the Trustee's administration of the property. But this contention assumes a trustee cannot, for all practicable purposes, sell an occupied home. And the argument is refuted by existing bankruptcy law and the explanation by the Florida Supreme Court of its *Osborne* decision.

The Trustee's assumption that a sale of occupied property is an impossibility is mere speculation. If occupancy of the property causes a problem, or if the debtors impede the sale in any way, a trustee can seek appropriate remedies from the Bankruptcy Court, including a requirement that the debtors vacate the premises.

Second, the bankruptcy provision upon which Trustee relies to demand surrender of the property, 11 U.S.C. § 542(a), requires a debtor to deliver to a trustee the property of the estate, "unless such property is of inconsequential value or benefit to the estate." Where the estate has no equity in an asset, so that unsecured creditors are unlikely to benefit from a sale of the property, it is generally recognized that abandonment is the appropriate method of dealing with the asset, not liquidation. *In Re: Feinstein Family Partnership*, 247 B.R. 502,

507-09 (Bankr. M.D. Fla. 2000). Where there is no equity, it makes no sense for a Bankruptcy Court to order the surrender of possession of property to the Trustee.

And, third, in *Osborne,* the Florida Supreme Court agreed that actual surrender of the homestead property to the Trustee is not required for a debtor to claim the wild card exemption:

> Thus, the additional step of actual abandonment of the real property or an expression of intent to abandon the homestead is not required to bring the debtor within the category of those debtors who do "not claim or receive the benefits of [the article X] homestead exemption." As the *Bennett*[2] court correctly concluded, when the real property which has been occupied by a debtor as his homestead becomes subject to administration by the bankruptcy trustee, the debtor has lost the benefits of the homestead exemption.
>
> [14] In some cases, a bankruptcy trustee may decide not to administer the homestead property but to leave the home in the debtor's possession because, for example, there is little or no equity in the home. This decision by the trustee, however, does not negate the debtor's loss of the benefits of the homestead exemption. Whatever benefits may flow to the debtor as a consequence of the trustee's decision, those benefits are not "benefits of a homestead exemption." Because the debtor did nothing to prevent the administration by the trustee of the real property which constituted the debtor's home, the homestead exemption has ceased to have any legal effect with respect to that property, and the debtor has not lost the benefits of the homestead exemption. *Id.* at 790; *see In re Abbott*, 408 B.R. at 910 ("By not claiming the homestead exemption in bankruptcy, the debtor ceases to receive the benefit of protecting the home from the claims of creditors and takes the chance that the trustee may administer the property.").

*Osborne v. Dumoulin*, 55 So. 3d at 587.

In this case, there was no dispute that the property had no equity. It would have been meaningless, and potentially costly to the estate, for the Bankruptcy Court to require

---

[2] *In Re: Bennett*, 395 B.R. 781 (Bankr. M.D. Fla. 2008).

abandonment of the property.   It is within the discretion of the Bankruptcy Court to determine whether, and under what circumstances, estate property must be delivered to the sole possession of the Trustee.

A debtor's opposition to a turnover motion is not the type of impediment that prevents entitlement to the wild card exemption.  The language of the Florida Supreme Court refers to the impediment to the administration being, not the Debtors themselves, but the existence of the homestead exemption.  It held:

> Accordingly, if under the facts of the case the Article X homestead exemption does not otherwise present an obstacle to the bankruptcy trustee's administration of the estate, then the debtor in bankruptcy is not receiving the benefits of the homestead exemption and is eligible to claim the statutory personal property exemption of § 222.25(4).

*Osborne v. Dumoulin*, 55 So. 3d at 589.  Of course, if a debtor impedes a Trustees efforts to determine the value of the property or his efforts to sell it, a Bankruptcy Court may conclude a surrender of the property is necessary.  The Trustee made no such claims in this case.

## Conclusion

The Trustee was granted the opportunity to sell the homestead property for the benefit of the estate but was unable to do so.  There is no evidence in the record that the Trustee was hindered by not having sole possession.  Under the facts of this case, the Court concludes that the Bankruptcy Court was correct in denying the Trustee's request for turnover and such denial did not afford the Debtors the benefit of the homestead exemption.  The Debtors merely received the equivalent of the Trustee's abandonment of the property.

It is therefore ORDERED AND ADJUDGED that:

1. The Bankruptcy Court's Order overruling Trustee's Objection to the Debtors' Claim of Exemption and Denying Trustee's Motion to Compel Turnover of Homestead Property (Dkt. #1-2) is AFFIRMED.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Attachment:**
Order Overruling Trustee's Objection to the Debtors' Claim of Exemption and Denying Trustee's Motion to Compel Turnover of Homestead Property (Dkt. #1-2)

**Copies furnished to:**
Bankruptcy Court Judge Caryl E. Delano, Case #8:09-bk-4904-CED
Counsel/Parties of Record

S:\Odd\2011\11-cv-193.bk appeal1.wpd