UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                 Case No. 8:09-bk-04904-CED
                                                                                  Chapter 7

Gary M. Iuliano and
Rebecca L. Crowe-Iuliano,

       Debtors.
_____/

**ORDER OVERRULING TRUSTEE'S OBJECTION TO THE
DEBTORS' CLAIM OF EXEMPTION AND DENYING TRUSTEE'S
MOTION TO COMPEL TURNOVER OF HOMESTEAD PROPERTY**

This case is before the Court for consideration of the Trustee's Objection to the Debtors' Claim of Exemptions (Doc. No. 12) (the "Objection") and the Trustee's Motion to Compel Turnover of the Debtors' homestead and personal property (Doc. No. 24) (the "Turnover Motion"). The issue is whether the Debtors may claim the enhanced personal property exemption provided for by Fla. Stat. § 222.25(4) when, although the Debtors have not claimed the Florida homestead exemption, they have indicated their intent to retain their residence. The Court finds that because the secured debt against the residence exceeds its value, the Debtors have no equity in the residence and do not receive the benefit of the homestead exemption. Therefore, the Debtors are entitled to the enhanced personal property exemption. Further, in the absence of a proposed sale of the residence by the Trustee, there would be no purpose served in compelling the Debtors to turn over possession of the residence to the Trustee. Accordingly, the Trustee's Objection is overruled, and the Turnover Motion is denied.

**BACKGROUND**

The facts are not in dispute. On March 17, 2009, the Debtors filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code. On Schedule A – Real Property of their bankruptcy

schedules, the Debtors listed their Florida residence (the "Real Property") as having a value of $274,000.00. On Schedule D – Secured Creditors, the Debtors listed the mortgage holder on the Real Property as being owed $305,000.00. There is no dispute that the Debtors have no equity in the Real Property as they owe $31,000.00 more to the mortgage holder than the Real Property is worth.

The Debtors did not claim the Real Property as exempt on their Schedule C – Property Claimed as Exempt. However, the Debtors claimed exemptions for personal property under both article X, section 4(a)(2) of the Florida Constitution and Fla. Stat. § 222.25(4). Although the exact value of the personal property claimed exempt by the Debtors is unclear, the parties are in agreement that the value exceeds the $2,000.00 to which the Debtors are entitled by the Florida Constitution.[1] In their Statement of Intentions, the Debtors state that they intend to retain the Real Property and to reaffirm the mortgage on the Real Property.[2]

In the Objection and the Turnover Motion, the Trustee challenges the Debtors' ability to claim an exemption under Fla. Stat. § 222.25(4) (the "Statutory Personal Property Exemption") while still retaining ownership of the Real Property. This Court made oral findings of fact and conclusions of law at a hearing conducted on July 24, 2009. This Order supplements the Court's oral ruling.

## ANALYSIS

The resolution of the issues presented in the Objection and Turnover Motion requires the interpretation of both article X, section 4(a)(2) of the Florida Constitution and the Statutory

---

[1] Article X, section 4(a)(2) of the Florida Constitution allows each of the Debtors to exempt personal property to a value of $1,000, for a combined exemption of $2,000.

[2] The Statement of Intentions requires Chapter 7 debtors to state whether they intend to surrender or to retain property of the estate. If a debtor intends to retain the property, he is also required to state whether he intends to redeem the property (by paying the creditor the fair market value of the property as determined by the bankruptcy court) or to reaffirm the secured obligation. In the Statement of Intentions, debtors also state whether or not the property is claimed as exempt.

Personal Property Exemption. This Court is well aware that the Eleventh Circuit Court of Appeals recently certified the following question to the Florida Supreme Court:

> Whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. § 222.25(4).

*In re Dumoulin*, 326 Fed. Appx. 498, 502 (11th Cir. 2009).

As of the entry of this Order, the Florida Supreme Court has not ruled on this issue. Should the question be answered in the negative, the Debtors herein would not be entitled to the Statutory Personal Property Exemption, as even their intent to surrender would not be sufficient to allow them claim the Statutory Personal Property Exemption. If the Florida Supreme Court answers only the precise question posed to it, its ruling would not be dispositive on the issue presented to the Court, as the Debtors herein have not elected to surrender the Real Property. The Court has delayed entry of this Order awaiting the outcome of the Florida Supreme Court's ruling. However, the policies of the Bankruptcy Code in favor of providing a fresh start for debtors and the prompt administration of bankruptcy cases militate in favor of entry of this Order in advance of the Supreme Court's ruling. *See In re Smith*, 2001 WL 1868524, *3 (Bankr. S.D. N.Y. 2001); *In re Dombroff*, 192 B.R. 615, 621 (S.D. N.Y. 1996).

Section 222.25(4) of the Florida Statutes provides that an individual who does not "claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution" is entitled to claim an additional $4,000.00 of personal property as exempt from legal process. The Florida Constitution states that a homestead shall be "exempt from forced sale under process of any court, and no judgment, decree, or execution shall be a lien thereon." Fla. Const. art. X, § 4(a)(1) (the "Homestead Exemption"). The question in this case is whether the Debtors, who have no

equity in the Real Property and who have not claimed the Homestead Exemption, "receive the benefit of the homestead exemption" by their retention of the Real Property.

Bankruptcy courts addressing this issue generally agree that debtors who receive the benefit of the Homestead Exemption may not claim the Statutory Personal Property Exemption. But courts disagree on how to determine when a debtor "receiv[es] the benefit" of the Homestead Exemption.

Some courts interpret the phrase "receive the benefit of the homestead exemption" broadly and conclude that a debtor eligible to claim the Homestead Exemption under Florida law on the date of the bankruptcy petition receives the benefit of Homestead Exemption unless the debtor demonstrates a clear intent to abandon the homestead property. *See In re Archer*, 416 B.R. 900 (Bankr. S.D. Fla. 2009); *In re Kent*, 411 B.R. 743 (Bankr. M.D. Fla. 2009); *In re Brown*, 406 B.R. 568 (Bankr. M.D. Fla. 2009); *In re Rogers,* 396 B.R. 100 (Bankr. M.D. Fla. 2008); *In re Morales,* 381 B.R. 917 (Bankr. S.D. Fla. 2008); *In re Magelitz,* 386 B.R. 879 (Bankr. N.D. Fla. 2008); *In re Franzese*, 383 B.R. 197 (Bankr. M.D. Fla. 2008). Courts embracing this broad interpretation focus on the "self-executing" nature of the Homestead Exemption – that it is terminated only when the homestead property is alienated or abandoned. *Brown,* 406 B.R. at 570. Guided by that principle, these courts find that debtors benefit from the Homestead Exemption if the homestead property is retained, because it is shielded from a future forced sale by post-petition creditors. *Id.*

Other bankruptcy courts' interpretation of "receive the benefit of the homestead exemption" is much narrower. These courts find that debtors who do not affirmatively exempt their homestead under the Homestead Exemption or otherwise shield the homestead property from creditors, but instead leave it available for administration by the Chapter 7 trustee, neither claim nor receive the benefit of the Homestead Exemption. *See In re Watford*, 427 B.R. 552 (Bankr. S.D. Fla. 2010); *In re Abbott*, 408 B.R. 903 (Bankr. S.D. Fla. 2009); *In re Maritas*, 2008 WL 7801998 (Bankr. S.D.

4

Fla. 2008); *In re Bennett*, 395 B.R. 781 (Bankr. M.D. Fla. 2008); *In re Hernandez*, 2008 WL 1711528 (Bankr. S.D. Fla. 2008); *In re Shoopman*, 2008 WL 817109 (Bankr. S.D. Fla. 2008); *In re Gatto*, 380 B.R. 88 (Bankr. M.D. Fla. 2007). These courts hold that whether a debtor receives the benefit of the Homestead Exemption is a case-by-case, fact-intensive inquiry that must be determined by the circumstances of each case. *Bennett*, 395 B.R. at 790 (citing *Shoopman,* 2008 WL 817109 at *2).

Courts cite two reasons for this narrower interpretation. First, exemptions are generally construed liberally in favor of providing the benefits of the exemptions to those claiming the exemption. *See Havoco of America, Ltd. v. Hill*, 790 So.2d 1018, 1021 (Fla. 2001) (quoting *Milton v. Milton*, 58 So. 718, 719 (1912)); *In re Hafner*, 383 B.R. 350, 353 (Bankr. N.D. Fla. 2008). Second, if the homestead property is not claimed as exempt, it is subject to administration by the Chapter 7 trustee as property of the estate under 11 U.S.C. § 541. This eliminates any "benefit" to the debtor of the Homestead Exemption in the bankruptcy context. *See In re Abbot*, 408 B.R. 903, 910 (Bankr. S.D. Fla. 2009) (citing *In re Bennett*, 395 B.R. 781, 789 (Bankr. M.D. Fla. 2008)).

Judge Williamson in *In re Gatto,* 380 B.R. at 92, described the circumstances in which a debtor might "receive the benefit of the homestead exemption," despite the debtor's not claiming the homestead property as exempt:

> Thus, the second exclusion ["receive the benefit of the homestead exemption"] is intended to ensure that a debtor who does not affirmatively claim the homestead exemption must not be able to indirectly receive its benefit while claiming the Statutory Personal Property Exemption. This might arise, for example, in a joint filing by a husband and wife where the husband claims the Statutory Personal Property Exemption and the wife claims the homestead exemption. Or, it may occur where only the husband files for bankruptcy claiming only the Statutory Personal Property Exemption and the non-filing wife retains homestead rights with respect to creditors. In such instances, the retention by the wife of the benefits of the homestead exemption would necessarily benefit the husband, who, while not explicitly claiming the homestead exemption, would nevertheless receive the benefits of the exempt status of the jointly owned homestead.

This Court concurs with the bankruptcy courts that have adopted a narrow interpretation of the statute. As Judge Mark stated in *In re Hernandez*, 2008 WL 1711528,

> If the legislature meant to exclude from the Statutory Personal Property Exemption all homeowners who owned homes on the petition date which met the constitutional definition of a homestead, the statute could have plainly and easily been written to exclude all individuals owning homes *eligible* for the constitutional exemption. That, of course, is not what the statute says. Rather, it excludes only those who *receive the benefits of* the constitutional exemption.

*Id.,* at *3 (emphasis in original), and as Judge Hyman stated in *In re Abbott*, 408 B.R. 903,

> The statute does not state the Statutory Personal Property Exemption is unavailable to a debtor who owns a homestead as some courts have held. Rather it states that it is unavailable to a debtor who receives the benefits of a homestead exemption.

*Id.,* at 912.

This Court respectfully disagrees with the analysis of the bankruptcy court *In re Brown*, 406 B.R. 568, 570 (Bankr. M.D. Fla. 2009). In *Brown*, the court concluded that debtors benefit from the Homestead Exemption if the homestead property is retained, because it is shielded from a future forced sale by post-petition creditors. *Id.* But, the language of the statute "receives the benefit of" is written in the present tense, not the future "will receive." Property of the estate under 11 U.S.C. § 541 and a debtor's entitlement to exemptions under 11 U.S.C. § 522 are determined as of the petition date. *In re Harle*, 422 B.R. 310, 314 (Bankr. M.D. Fla. 2010); *Abbott*, 408 B.R. at 910; *Hernandez,* 2008 WL 1711528 at *5. The question is whether, as of the date of the petition, the Debtor claims the Homestead Exemption or otherwise "receive[s] the benefit of" the Homestead Exemption, not whether at some date in the unknown future the debtor will receive that benefit.

In this case, the Court concludes that because the Debtors have no equity in the Real Property, there is nothing for them to exempt. An analogy may be drawn to the Florida's exemption

6

for motor vehicles. Fla. Stat. § 222.25(1) allows the exemption of "a debtor's interest, not to exceed $1,000 in value, in a single motor vehicle . . . ." The exemption is not limited to motor vehicles with a value of $1,000, but exempts the debtor's equity (the value of the motor vehicle in excess of encumbrances) of up to $1,000. A debtor whose car loan exceeds the value of his car would not be considered to have "received the benefit of" the motor vehicle exemption, because he has no interest (i.e., equity) to exempt. Likewise, it is the debtor's equity in the homestead property which is protected by the Florida Constitution. *See In re Landahl,* 338 B.R. 920, 922 (Bankr. M.D. Fla. 2006) (citing *In re Wayrynen*, 332 B.R. 479 (Bankr. S.D. Fla. 2005)).

In this case, the Debtors have no equity in the Real Property and have no interest to which a judgment, decree or execution could attach. Therefore, the Debtors do not receive the benefit of the Homestead Exemption. This conclusion is consistent with the holding in *In re Abbott,* 408 B.R. 903, which was decided on facts identical to those presented in this case.

Having determined that the Debtors in this case have neither claimed nor "receive the benefit of the homestead exemption," the Court must now determine whether the Debtors must be compelled to turn over the Real Property to the Trustee. As stated in *Bennett*, by choosing not to claim a homestead as exempt, the Debtors have opened themselves up to the possibility that the Trustee will exercise his right to liquidate the homestead property for the benefit of unsecured creditors. In some situations the property may provide value to the estate. For example, the trustee could find a buyer willing to buy the property at some price in excess of the mortgage indebtedness. Or the mortgage holder might consent to a "short sale" with a carve-out for benefit of the estate. Or the mortgage holder might be willing to purchase the property from the trustee rather than continuing with its foreclosure remedies. This Court is aware of several cases in which the Chapter

7

7 trustee has sold homestead property (surrendered by the debtor and not claimed as exempt) to the mortgage lender, generating thousands of dollars for the estate.[3]

However, if the trustee concludes that there is no equity in the Homestead Property, bankruptcy courts have consistently held that abandonment of an estate asset is appropriate, as Chapter 7 trustees are not permitted to act as liquidating agents for the sale of fully encumbered property. *See In re Feinstein Family P'ship*, 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000) (citing *In re Cunningham*, 48 B.R. 509 (Bankr. M.D. Tenn. 1985)); *In re Air Vermont, Inc.*, 41 B.R. 486 (Bankr. Vt. 1984); *Matter of Karl A. Neise, Inc.*, 31 B.R. 409 (Bankr. S.D. Fla. 1983); *In re Anspach*, 13 B.R. 208 (Bankr. E.D. Pa. 1981). In light of this case law, a mere possibility of a benefit inuring to the estate, without any evidence of a proposed sale, is not a sufficient basis to compel the Debtors to turn over the Real Property to the Trustee.

However, the Trustee should be permitted a reasonable time to seek approval of a sale that will benefit the estate. Accordingly, at the July 24, 2009 hearing, the Court granted the Trustee 60 days to seek the approval of a sale of the Real Property that would provide a benefit to the estate. That time period expired without the Trustee proposing a sale of the Real Property.

Accordingly, it is

**ORDERED:**

1. The Trustee's Objection to Debtors' Claim of Exemptions is OVERRULED.

2. The Trustee's Motion to Compel Turnover is DENIED.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on December 28, 2010 _____.

_____
Caryl E. Delano
United States Bankruptcy Judge

---

[3] *In re Scheer*, Case No. 8:09-21343-CED; *In re Stephens*, Case No. 8:09-22808-CED; *In re Martin*, Case No. 8:09-24420-CED; *In re Quackenbush*, Case No. 8:10-3636-CED; *In re Abrantes*, Case No. 8:10-13136-CED.

8